# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-50404
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 23, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Eliodoro Denova Lopez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:16-CR-68-3

---

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Eliodoro Denova Lopez, federal prisoner # 68688-380, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. On appeal, Denova Lopez contends that extraordinary and compelling circumstances justify his release insofar as (i) his guidelines range at sentencing was erroneously calculated, he would receive a lower sentence if

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

he were sentenced today, he was entitled to application of the safety valve under 18 U.S.C. § 3553(f), and he was entitled to a downward variance due to his status as a deportable alien; (ii) due to various risk factors, he has a susceptibility to contracting severe COVID-19; and (iii) he was needed to care for his elderly parents who reside in Mexico. He also argues that the 18 U.S.C. § 3553(a) factors favor relief.

We review the denial of a § 3582(c)(1)(A)(i) motion for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). As to Denova Lopez's sentencing arguments, he cannot "challenge the legality or the duration of his sentence" through a motion for compassionate release. *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023). As to his other arguments, he fails to demonstrate any error of law or clearly erroneous assessment of the evidence in the district court's determination that (a) any elevated risk of contracting severe COVID-19 was mitigated by the fact that he had been vaccinated and there was a low rate of infection at his correctional facility; and (b) he failed to demonstrate that his parents were seriously in need of his care insofar as his parents were "far from elderly," he failed to explain why his other siblings could not care for his parents, and he failed to allege the death or incapacitation of any current caretaker. Denova Lopez further fails to demonstrate any abuse of discretion in the district court's refusal to hold his motion in abeyance until after November 1, 2023, when various amendments to the Guidelines became effective.

Because Denova Lopez fails to show that the district court abused its discretion in denying his motion for compassionate release based on its finding that he failed to establish extraordinary and compelling circumstances, we do not reach his argument that the § 3553(a) factors warranted relief. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693. The district court's decision is AFFIRMED.